Opinion by
Henderson, J.,
We agree with the learned judge of the court below *249 that the conveyance from Salkeld Larkin to Cyrus Mendenhall and others, trustees of Chichester Preparative Meeting of Friends, created an estate on condition. The conveyance is to the grantees, their heirs and assigns, for the purposes therein indicated. The declaration of the purpose for which the trust was created we do not regard as a limitation of the estate. The second proviso contains the condition under which the title might be defeated. It is not necessary to énter into a consideration of the distinction between an estate on condition and a qualified fee, for on other grounds which we deem con-, elusive the judgment must be affirmed. If it be conceded as contended by the appellants that the estate created is a conditional fee the evidence does not exhibit a title which entitles them to a verdict. They claim under the will of Salkeld Larkin, grantor to the trustees above named, in the third paragraph of which there is a devise to James Larkin, son of the testator, his heirs and assigns, of “all that tract of land lying on the west side of the Marcus Hook Road, containing about eighty acres, with the appurtenances which I purchased at sheriff’s sale.” It was out of the farm here referred to that the land was granted to the church, and the plaintiffs who hold through sundry conveyances from James Larkin contend that by the abandonment of the premises as a place of worship they succeed to the title through this devise to James Larkin. At the time Salkeld Larkin made his will and when he died and for a long time thereafter the property in controversy was occupied by the religious society as contemplated in the deed from Salkeld Larkin to it. He was not in possession of the church lot, therefore, at the time of the making of the will, nor was it then a part of the farm which he bought at sheriff’s sale. His title had passed out by a deed made nearly forty years before. That title could continue indefinitely and there is no reason to suppose that the testator had in mind the contingency that this small piece of land might fall back to him. Moreover, what the devisee got under the will was *250 a farm. It had dimensions and physical features and was well known by the testator and doubtless also by the son. The devisee took whatever land had been owned by his father under the description given in the will but the right of the testator under his deed to the church was in no sense a farm nór land. The estate was out of him and all that remained was a right of re-entry for condition broken if the estate be treated as one on condition, or the possibility of reverter if a limited fee: First Universalist Society, etc., v. Boland, 155 Mass. 171; Church in Brattle’s Square v. Grant, 69 Mass. 142; De Peyster v. Michael, 6 N. Y. 467, 506; Nicoll v. N. Y. & E. Co., 12 N. Y. 121. This right cannot be regarded as an appurtenance to the farm within the meaning of the devise and that is the only ground on which the plaintiffs can pretend to claim. An appurtenance is a thing which belongs to another thing as principal and which passes as incident to the principal thing: Harris v. Elliott, 35 U. S. 25; Angell, Watercourses (7th ed.), para. 153; and generally anything necessary to the enjoyment of a thing: 4 Kent, Com. 418; 1 Bouvier, Law Dict. 158. Easements and servitudes necessary to the enjoyment of the land and, under special circumstances, land itself, when necessary to the enjoyment of the principal thing conveyed or devised, are covered by the word “appurtenances”; but an appurtenance which is devised or conveyed by general terms in a will or deed must be something which attaches necessarily or reasonably to the land so devised or granted. The appurtenance and the thing to which it is appurtenant must agree in nature and quality. Now the church lot was in no sense subordinate to the farm from which it was taken nor was it necessary to the enjoyment of the farm. As has been stated it had not been used in connection with it for a long time and had none of the features of an appurtenance. The general terms of the devise were therefore insufficient either to pass the land or the right of entry or reverter. The will, of course, did not warrant the title to the devisee and the description as is generally the case in such docu *251 merits was not given with the exactness observed in the preparation of deeds of general warranty, but it described to the clear understanding of the parties interested the land which remained to the testator after the grant to the church. There was neither a bequest nor an attempt to bequeath this right of entry or possibility of reverter to the son. It is well settled that no one can take advantage of the nonperformance of a condition subsequent annexed to an estate in fee but the grantor or his heirs. It is not an estate in land and must be taken advantage of by a re-entry by the person entitled to exercise that privilege: Schulenberg v. Harriman, 88 U. S. 44; Nicoll v. N. Y. & E. R. R. Co., 12 N. Y. 121; 4 Kent, Com. 122; 2 Black. Com. 154. The possibility that the land might revert to the grantor or his heirs was the interest which the testator had if the grant be treated as a determinable fee and we have not been shown nor have we been able to find any authorities which would justify us in holding that this possibility of reverter attached to the church lot would pass as an appurtenance under a devise applicable to another piece of land.
The plaintiffs having failed to establish the title the judgment should be affirmed.